25 C.C.P.A. (Patents)

## KOCH v. GREIBACH.

### Patent Appeal No. 3910.

Court of Customs and Patent Appeals.

May 31, 1938.

Hoguet, Neary & Campbell, of New York City (Walter H. Free, of New York City, and Martin T. Fisher, of Washington, D. C., of counsel), for appellant.

Samuel Ostrolenk, of New York City (M. C. Massie and C. P. Franchot, both of New York City, of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal in an interference proceeding wherein the Board of Appeals of the United States Patent Office affirmed a decision of the Examiner of Interferences, awarding priority of invention upon all the counts in issue, three in number, to the appellee.

Appellant's application, serial No. 678,-130, was filed June 29, 1933. The application of appellee, serial No. 697,673, was filed November 11, 1933. Appellee is, therefore, the junior party.

The counts are 1 to 3, inclusive. Count 2 is illustrative, and reads as follows:

"2. In a portable audiphone, the combination of a vibratory portion, an electromagnetic portion carried by said vibratory portion and including a speech coil and adapted when the coil is energized by varying currents to effect vibration of said vibratory portion, said electromagnetic portion having greater inertia than said vibratory portion, and means for holding the vibratory portion in operative connection with the bone structure of the user, whereby the vibrations of the vibratory portion are conducted through the bone structure to the inner ear of the user."

The invention relates to a small electrically operated device, the function of which is to assist the deaf in hearing. It is placed behind the ear and usually held in position by a spring which partly encircles the head.

Priority of invention is the only issue involved in this appeal. Both the Examiner of Interferences and the Board of Appeals held that appellee conceived the invention and reduced it to practice prior to November 1932, which is the earliest date claimed by the appellant.

Both parties took testimony. The record is very voluminous and includes many exhibits introduced in evidence by the respective parties.

Appellant, in his preliminary statement, alleged that he conceived the invention, made his disclosure thereof, and reduced it to practice in the early part of November 1932.

Appellee, in his preliminary statement, alleged that he conceived the invention, disclosed it, and reduced it to practice in November 1931.

While appellant has assigned fourteen reasons of appeal, he expressly relies upon reasons 5, 6, 7, 8, and 9, which are to the effect that the Board of Appeals erred in not holding that the dates on appellee's physical Exhibits 11 and 14 were fraudulently altered, and also erred in crediting appellee's proofs "despite the finding that a study of the inscription on Greibach's physical Exhibit 11 created a definite suspicion that an alteration has been made therein."

At the outset, we cannot agree, as argued by appellant, that the appellee had the burden of proving his case beyond a reasonable doubt. Since this interference involves two copending applications for a patent, the burden of the junior party is to establish priority of invention by a preponderance of the evidence. O'Donnell v. Hartt, 75 F.2d 195, 22 C.C.P.A., Patents, 958; Steenstrup v. Heath, 95 F.2d 514, 25 C.C.P.A., Patents, ——.

Appellee's physical Exhibits 11 and 14 conform to the counts and are in evidence as part of the proof of his reduction to practice. Appellee's physical Exhibit 11 is a midget inertia reaction vibrator, the pertinent portion of which is a generally circular bakelite cap, the slightly convex face of which has a diameter of about five-eighths of an inch. Scratched across the face of the cap is an inscription which appellee testified is "V.10.1932," and which is intended to mean "May 10, 1932," the date upon which appellee says he completed and tested the device. Underneath this inscription the initials of appellee, "E. H. G.," are scratched. The figure "2" of the date on said exhibit is cut more deeply into the material than any other mark on the cap. At the top of the figure "2" a scratch runs diagonally across to about the middle of the stem of the figure, and from that point there is another scratch which runs to about the middle point of the tail of the figure. Viewed directly from the top, the latter scratch appears to be a straight line, while from a side top view it appears to curve somewhat like a portion of the lower arc of a figure "3." There are several other small scratches extending from the figure "2."

Appellant contends that the original inscription was "V.10.1933," and that appellee scratched on "3" the figure "2."

Appellee testified that he cut the letters and figures on appellee's physical Exhibit 11, and said that being inept in that sort of work, and from the fact that the face of the cap was so small and the figure "2" so close to the curving edge, his tool slipped several times. His testimony was supported by that of a handwriting expert who concluded that, in his opinion, the figure "3" was not altered to make the figure "2."

Appellant also produced as a witness a handwriting expert who gave as his opinion that the figure "3" underlies the figure "2." We have given this exhibit a most thorough and critical examination and we have considered the testimony of the handwriting experts most carefully, but in view of all of the evidence we are of opinion that the suspicion which has been created by the marking on the exhibit is not sufficient to justify a finding of fraud.

On appellee's physical Exhibit 14, appellee scratched on a brass portion of it the figures "9–4–1932," meaning "September 4, 1932." The last two figures have been scratched over, but appellant's handwriting expert witness was not questioned with respect to this exhibit and we can find nothing from a most careful examination of it that would indicate anything but that on the brass surface it was apparently necessary to go over the last two figures several times because of the curves in the figures.

It is clearly proved in the record of appellee that prior to May 10, 1932, he conceived the invention and disclosed it to others, and had made unsuccessful attempts to reduce it to practice. His evidence in this respect was corroborated by the testimony of others and by many exhibits.

There can be no question but that he finally did reduce the invention to practice by making and successfully testing appellee's physical Exhibits 11 and 14. Several witnesses were definite in their identification of these two exhibits, and related how they were demonstrated to them at different times prior to November 1932. We think each of these witnesses, by association of entirely different occurrences peculiar to each, definitely remembered the approximate time and occasion of appellee's demonstrations of these exhibits. None of them had seen appellee's physical Exhibit 11 in May 1932, but there is nothing critical about that date to cause appellee to so mark the exhibit. In view of the testimony of the corroborating witnesses, and disregarding entirely the date on appellee's physical Exhibits 11 and 14, we are of opinion that the evidence establishes successful reduction to practice prior to November 1932, appellant's claimed date of conception.

Appellant also contends that—

"* * * as a matter of law, Greibach cannot be heard to say that he had the invention in May, 1932, since he is then faced with an estoppel under the circumstances, for he not only failed to apply for a patent, but he did not consider exploitation of the claimed invention until November, 1932, after Koch had entered the field and exercised the requisite diligence. * * *"

In support of his contention he cites the case of Miller v. Hayman, 46 F.2d 188, 18 C.C.P.A., Patents, 848. In that case the record showed intentional concealment and suppression of the completed invention on the part of Miller for a period of about fourteen years, and a spurring into activity after Hayman's invention appeared on the market. These facts brought the case within the doctrine of Mason v. Hepburn, 13 App.D.C. 86, which doctrine was approved in the Miller v. Hayman Case, supra.

In this case the testimony of three corroborating witnesses supports that of appellee, which was that from May 1932 until November 1932, when appellant entered the field, appellee was perfecting and demonstrating his models and striving to place his invention on the market. We find nothing in the record to show that he knew anything of the activities of appellant, and therefore he could not have been spurred into activity by them. Concealment or abandonment will not be presumed by mere lapse of time. The invention having been reduced to practice, abandonment or concealment must be affirmatively proved. Harlan v. Bregman et al., 39 F.2d 494, 17 C.C.P.A., Patents, 949.

The burden of proving concealment and suppression is upon the party who alleges it. Nystrom and Landwehr v. Mancuso, 64 F.2d 698, 20 C.C.P.A., Patents, 934.

There is no evidence here from which we can conclude that appellee had abandoned, concealed, or suppressed his invention. On the contrary, the well-corroborated testimony of appellee shows that he had, during the period of time between reducing it to practice and the time when appellant entered the field, November 1932, shown it to many of his friends, and had constantly striven for its exploitation.

The decision of the Board of Appeals awarding priority to the appellee is affirmed.

Affirmed.